UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS LEIGH, III,

    Petitioner,

v.

    CASE NO. 5:09-CV-13642
    HONORABLE JOHN CORBETT O'MEARA
    UNITED STATES DISTRICT JUDGE

CATHERINE BEAUMAN,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Thomas Leigh, III, (Petitioner"), presently confined at the Cotton Correctional Facility in Jackson, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his conviction for resisting and obstructing a police officer, M.C.L.A. 750.81d(1); and being a fourth felony habitual offender, M.C.L.A. 769.12. For the reasons stated below, the application for writ of habeas corpus is **DENIED.**

**I. Background**

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals, which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Officers tried to arrest defendant when he reported to his parole office on an outstanding warrant. Defendant, who apparently was armed with a handgun and a knife, struggled with the officers. After defendant was initially subdued,

1

he attacked a corrections officer, injuring her face and body with his head. At some point, he was apparently injured, and was transported to Detroit Receiving Hospital. Defendant allegedly leaped from the examining table, escaped the room, and ran down the hall, but was restrained.

Defendant was charged with resisting and obstructing, felon in possession of a firearm, possession of a firearm during the commission of a felony, and carrying a concealed weapon. Defendant pleaded guilty to resisting and obstructing and to his habitual offender status in return for dismissal of the other charges and a sentence agreement of eight to 15 years in prison.

*People v. Leigh,* No. 279202, * 1 (Mich.Ct.App. September 11, 2008).

Petitioner's conviction and sentence were affirmed on appeal, although the case wasx remanded to the trial court for the correction of petitioner's presentence report. *Id., lv. den.* 483 Mich. 883; 759 N.W. 2d 388 (2009); *reconsideration den.* 483 Mich. 982; 764 N.W. 2d 225 (2009).

> I. Constitutional error occurred under the IV & XIV Amendments for structural error when the 36th District Court and the 3rd Circuit Court did not have subject matter jurisdiction for executing prosecution due to jurisdictional defects over the statutory charge.
>
> II. Abuse of process in violation of 18 U.S.C. 1506.
>
> III. Constitutional error occurred under the IV & XIV Amendments for statutory structural error, when the parole agents and the transportation unit committed an illegal search and seizure which occurred from an unlawful arrest, and denied the defendant substantive due process and equal protection of law.
>
> IV. Constitutional error occurred under the VI Amendment for structural error when the defense counsel failed to file a motion to challenge the legality of the defendant's arrest and failed to file a motion to suppress the evidence obtained from the arrest.
>
> V. The constitutional errors occurred under the V and XIV amendments because the defendant was deprived of his rights of due process and also a

constitutional error occurred under the VI amendment where the record does not show that the defendant was advised or had actual knowledge of the actual sentencing guidelines. As a result the defendant's guilty plea bargain was illusory and the plea was not intelligent, voluntary nor understanding to the defendant and failure to raise this issue is ineffective assistance of counsel.

VI. Failure of trial counsel to insure on record that Mr. Leigh was familiar with the sentence guidelines scoring or to allocate on Mr. Leigh's behalf is ineffective assistance in violation of Am VI of the U.S. Constitution.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that

3

the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

### III.  Discussion

#### A.  Claim # 1.  The jurisdictional claim.

Petitioner first claims that the 36th District Court and the Wayne County Circuit Court lacked subject matter jurisdiction because the outstanding arrest warrant that he was arrested on was invalid because the victim did not wish to press charges in that case.

The determination of whether a state court is vested with jurisdiction under state law over a criminal case is a function of the state courts, not the federal courts. *Wills v. Egeler,* 532 F. 2d 1058, 1059 (6th Cir. 1976); *See also Daniel v. McQuiggin,* 678 F.Supp. 2d 547, 553 (E.D. Mich. 2009). The Sixth Circuit has noted that "[a] state court's interpretation of state jurisdictional issues conclusively establishes jurisdiction for purposes of federal habeas review." *Strunk v. Martin*, 27 Fed. Appx. 473, 475 (6th Cir. 2001). Petitioner's claim that the trial court lacked jurisdiction to try his case raises an issue of state law, because it questions the interpretation of Michigan law, and is therefore not cognizable in federal habeas review. *See United States ex. rel. Holliday v. Sheriff of Du Page County, Ill.,* 152 F. Supp. 1004, 1013 (N.D. Ill. 2001); *Cf. Toler v. McGinnis,* 23 Fed. Appx. 259, 266 (6th Cir. 2001)(district court lacked authority on habeas review to review petitioner's claim that the state court erred in refusing to instruct jury on the requirements for extraterritorial jurisdiction, because the claim was contingent upon an interpretation of an alleged violation of state law).

**B. Claims # 2, 3, and 4. Petitioner's pre-plea claims.**

The Court will consolidate petitioner's pre-plea claims together for judicial economy. In his second claim, petitioner contends that the felony arrest warrants both in the armed robbery case that he was arrested for by his parole officers and the subsequent warrant issued for his arrest in this case are invalid because neither warrant contains a proper signature and bar number for the judge signing it and are undated. In his third claim, petitioner contends that the parole officers committed an illegal search and seizure in violation of the Fourth Amendment when they arrested petitioner and seized the firearm from him. In his fourth claim, petitioner contends that his trial counsel was ineffective for failing to file a motion to challenge the legality of petitioner's arrest and a motion to suppress the evidence obtained from that arrest.

An unconditional guilty plea constitutes a waiver of all pre-plea non-jurisdictional constitutional deprivations. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). A guilty plea represents a break in the chain of events which has proceeded it in the criminal process; when a criminal defendant has solemnly admitted in open court that he or she is in fact guilty of the offense which he or she is charged, the defendant may not thereafter raise independent claims relating to the deprivation of constitutional rights which occurred prior to the entry of the guilty. *Id.*

Under Michigan law, a plea to the information waives any challenge to irregularities in the complaint. *See U.S. ex rel. Penachio v. Kropp*, 448 F.2d 110, 111 (6th

Cir. 1971); *Rogers v. Kropp, Warden*, 387 F. 2d 374, 375 (6th Cir. 1968). Because petitioner pleaded guilty to the charge without ever challenging the deficiencies with the criminal complaint, petitioner is precluded from obtaining habeas relief on the issue.

Likewise, petitioner's unconditional plea of guilty waives any Fourth Amendment challenges to the legality of his arrest or the search. *pleads guilty, the defendant must expressly do so in writing pursuant to Rule 11(a)(2), Fed.R.Crim.P. See e.g. United States v. Herrera,* 265 F.3d 349, 351 (6th Cir.2001) ("It is elemental that a guilty pleading defendant may not appeal an adverse pre-plea ruling on a suppression of evidence motion unless he has preserved the right to do so by entering a conditional plea of guilty in compliance with Fed.R.Crim.P. 11(a)(2)")*; See also U.S. v. Kirksey, 118 F.3d 1113, 1114-15* (6th Cir. 1997). Michigan caselaw likewise holds that an unconditional plea of guilty waives review of Fourth Amendment challenges to the legality of an arrest or a search. *People v. New*, 427 Mich. 482, 494; 398 N.W.2d 358 (1986).

Finally. pre-plea claims of ineffective assistance of trial counsel like the ones complained of by petitioner are considered nonjurisdictional defects that are waived by a guilty plea. *See United States v. Stiger,* 20 Fed. Appx. 307, 309 (6th Cir. 2001); *Siebert v. Jackson,* 205 F. Supp. 2d 727, 733-34 (E.D. Mich. 2002)(habeas petitioner's claims regarding alleged deprivations of his constitutional rights that occurred before his guilty plea, as a result of his trial counsel's alleged ineffective assistance, were foreclosed by his guilty plea, where he stated at plea that he was satisfied with counsel's

6

representation, and he did not complain of counsel's advice concerning plea agreement). *See also Trombley v. Anderson,* 584 F. 2d 807, 808 (6th Cir. 1978)(habeas petitioner waived claim that he had been denied assistance of counsel at juvenile hearing by subsequently pleading guilty in adult court). Petitioner is not entitled to habeas relief on his second, third, and fourth claims.

### C. Claims # 5 and # 6. The guilty plea claims.

The Court will consolidate petitioner's fifth and sixth claims together because they are interrelated. Petitioner claims that his plea was involuntary because neither the trial court nor his counsel explained to him that the minimum sentencing guidelines for the offense of resisting and obstructing a police officer were 12-24 months and that the sentence agreement of 8-15 years was an upward departure from this guideline range. Petitioner further contends that his plea is illusory because his sentence was an upward departure from the guidelines range.

Initially, the Court observes that petitioner has no absolute right to withdraw his guilty plea. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 748, 655 (E.D. Mich. 2005)(internal citations omitted). Therefore, unless the plea violated a clearly-established constitutional right, whether to allow the withdrawal of a criminal defendant's guilty plea is discretionary with the state trial court. *Id.*

A guilty plea that is entered in state court must be voluntarily and intelligently made. *See Shanks,* 387 F. Supp. 2d at 749; *Doyle v. Scutt,* 347 F. Supp. 2d 474, 482 (E.D. Mich. 2004)(both citing *Boykin v. Alabama,* 395 U.S. 238, 242 (1969)). In order

7

for a plea of guilty to be voluntarily and intelligently made, the defendant must be aware of the "relevant circumstances and likely consequences" of his plea. *Hart v. Marion Correctional Institution*, 927 F. 2d 256, 257 (6th Cir. 1991); *Shanks,* 387 F. Supp. 2d at 749. The defendant must also be aware of the maximum sentence that can be imposed for the crime for which he or she is pleading guilty. *King v. Dutton*, 17 F. 3d 151, 154 (6th Cir. 1994). When a petitioner brings a federal habeas petition challenging his plea of guilty, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. *Garcia v. Johnson*, 991 F. 2d 324, 326 (6th Cir. 1993). The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. *Id.*

It is only when the consensual character of a guilty plea is called into question that the validity of a guilty plea may be impaired. *Mabry v. Johnson*, 467 U.S. 504, 508-09 (1984). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his or her own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (i.e. bribes). *Id.* Federal and state courts will uphold a state court guilty plea if the circumstances demonstrate that the defendant understood the

8

nature and consequences of the charges and voluntarily chose to plead guilty. *See e.g. Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 652 (E.D. Mich. 2002).

Petitioner has failed to show that his plea was involuntary. Petitioner was advised of the charges that he was pleading guilty to as well as the maximum possible penalty for resisting and obstructing a police officer and being a fourth felony habitual offender. Petitioner was also advised that by accepting the plea agreement, he was agreeing to a sentence of eight to fifteen years. The Sixth Circuit has noted that "[t]here is no constitutional requirement that a defendant be informed by the court during the plea colloquy of his estimated guidelines sentencing range." *U.S. v. Ufie*, 5 Fed.Appx. 357, 359 (6th Cir. 2001); See also *Smith v. Burt,* No. 2009 WL 2876987, * 3 (E.D. Mich. September 3, 2009)(ruling that the petitioner's plea was not involuntary because he was not advised of the applicable sentencing guidelines range, noting that "[T]here is no constitutional requirement that a defendant be informed of a possible minimum sentence."). Therefore, the trial court's failure to advise petitioner of the sentencing guidelines range for the charge of resisting and obstructing and being a fourth felony habitual offender did not render his plea involuntary. *See United States v. Stephens,* 906 F.2d 251, 253-54 (6th Cir.1990)(upholding district court's denial of motion to withdraw guilty plea where defendant was informed of consequences of guilty plea, knew maximum sentence of imprisonment, and understood that court would sentence defendant according to the Guidelines even though defendant did not know specific Guidelines range to which he was exposed).

As a related claim, petitioner contends that the plea bargain was illusory, in light of the fact that the sentence agreement of 8-15 years was a departure above the recommended sentencing guidelines range of 12-24 months.

A plea agreement is entered into involuntarily and unknowingly if the defendant is unaware that the prosecution's promise is illusory. *See United States v. Randolph*, 230 F.3d 243, 250-51 (6th Cir. 2000). Illusory representations made by the prosecutor to induce a defendant to waive his right to trial and enter a guilty plea have been found to constitute coercion justifying the withdrawal of a guilty plea. *See Spearman v. United States*, 860 F. Supp. 1234, 1249 (E.D. Mich. 1994).

In the present case, the plea agreement was not illusory, even though the sentence received by petitioner was an upward departure from the sentencing guidelines range for resisting and obstructing. In exchange for his plea to this offense and his agreement to receive a sentence of eight to fifteen years, the prosecutor dismissed charges of carrying a concealed weapon and being a felon in possession of a firearm. Because petitioner was charged as a fourth felony habitual offender, he could have faced up to life in prison on these two charges. [1] Petitioner was also originally charged with felony-firearm, third offense, which carries a mandatory ten year sentence which must be served consecutively to any other sentences imposed. *See* M.C.L.A. 750.227b. The prosecutor

---

[1] Under M.C.L.A. 769.12(1)(a), a fourth felony habitual offender can be sentenced to up to life in prison if his current felony carries a maximum sentence of five or more years in prison. The charges of carrying a concealed weapon and felon in possession of a firearm both carry maximum sentences of five years in prison. M.C.L.A. 750.224f; M.C.L.A. 750.227.

dismissed this charge against petitioner as part of the plea bargain as well.

This Court concludes that the plea and sentence agreement was not illusory because petitioner was promised the dismissal of charges which therefore amounted to a real, tangible benefit in consideration for the plea. *Daniels v. Overton*, 845 F. Supp. 1170, 1174 (E.D. Mich. 1994). Because petitioner derived a real benefit from his plea bargain in this case, his plea was not illusory and he is therefore not entitled to habeas relief on his claim. *See McAdoo v. Elo,* 365 F. 3d 487, 498 (6th Cir. 2004).

Petitioner also claims that he was deprived of the effective assistance of counsel because his attorney failed to advise him that his sentencing guidelines on the resisting and obstructing charge were 12-24 months, below the minimum eight year sentence called for in the plea and sentence agreement.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. Second, the defendant must show that such performance prejudiced his defense. *Id*.

In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty plea, the defendant must show that there is a

reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985); *Bridinger v. Berghuis*, 429 F.Supp.2d 903, 910 (E.D. Mich. 2006). An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59. The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003). The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d at 484; See also *Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001). A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not have pleaded guilty, is therefore insufficient to prove such a claim. *Garrison,* 156 F. Supp. 2d at 829.

In the present case, petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no contest. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002). Petitioner argues that he should not have been convicted

of resisting and obstructing because the arrest warrant that was used in this case to justify his arrest was defective and that the parole officers otherwise lacked probable cause to arrest him. Under Michigan law, the lawfulness of an arrest is no longer an element of the charge of resisting and obstructing. *People v. Ventura*, 262 Mich.App. 370, 377 (check, 686 N.W.2d 748 (2004). Therefore, "a person may not use force to resist an arrest made by one he knows or has reason to know is performing his duties regardless of whether the arrest is illegal under the circumstances of the occasion." *Id.* Therefore, even if the parole officers or police lacked a valid warrant or probable cause to arrest petitioner, it would not provide a defense to the resisting and obstructing charge. *Id., See also Brooks v. Rothe,* 577 F.3d 701, 707-08 (6th Cir. 2009). More importantly, petitioner was on parole at the time of his arrest. This Court notes that "[T]he warrant and probable cause requirements of the Fourth Amendment generally do not apply to searches of parolees, probationers, or their residences." *U.S. v. Smith*, 526 F. 3d 306, 308 (6th Cir. 2008)(*citing Samson v. California*, 547 U.S. 843, 857 ((2006)(permitting suspicionless searches of parolees); *United States v. Knights*, 534 U.S. 112, 118 (2001)(upholding a warrantless search of a probationer's apartment based on reasonable suspicion and a probation condition requiring him to submit to a search at any time)). Because petitioner was on parole, he has failed to show that the trial court would have suppressed the evidence seized in this case from petitioner, even if the parole officers lacked a proper warrant or probable cause to arrest or search him. Because petitioner has failed to show that he would have been acquitted had he gone to trial, he is not entitled to

habeas relief on his claim.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

14

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

### V. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

        s/John Corbett O'Meara
        United States District Judge

Date: January 21, 2011

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, January 22, 2011, using the ECF system and/or ordinary mail.

        s/William Barkholz
        Case Manager